## JULIA C. HECKLER *v.* JACOB M. FRANKENBUSH.

NEGOTIABLE INSTRUMENTS. *Anti-commercial statute. Code* 1892, § 3503.

All writings for the payment of money are assignable under the anti-commercial statute of this state (code 1892, § 3503), and, although payment be dependent on a future contingency, the assignee of such a writing can maintain an action thereon against the maker on the happening of such contingency. *Shields* v. *Taylor,* 25 Miss., 13, cited.

FROM the chancery court of Jefferson county.

HON. CLAUDE PINTARD, Chancellor.

The appellant, Frankenbush, filed his bill in the court below against the appellee, Mrs. Heckler, and one August Reitze, alleging that he was the assignee of certain writings obligatory in the form of promissory notes of which she was the maker, payable to the order of Frankenbush & Borland, out of the profits, if any there should be, of the Rodney oil mill for certain annual seasons, a particular season being designated in each note; that the profits realized by Mrs. Heckler from her interest in the oil mill for each season were far in excess of the amount due on the particular note payable out of the profits of that season, all of which she had appropriated to her own use and enjoyment, leaving the notes wholly unpaid; that the oil mill property was about to be sold under partition proceedings; that Mrs. Heckler had no property apart from her interest in the oil mill property with which she might be made to respond to her obligation on the notes, and was utterly insolvent, and that complainant would be wholly remediless should her interest in the proceeds of said property be paid over to her. The bill prayed that Mrs. Heckler and her codefendant, Reitze, who was her partner in said oil mill business, be required to make discovery as to her share of the profits during each of

the seasons mentioned; that a decree *in personam* be awarded complainant for the principal and interest due on the notes, and that a lien therefor be fixed on Mrs. Heckler's interest in the oil mill property, and that her interest therein be subjected to complainant's demand, and for general relief.

The defendants demurred to the bill, setting up the following grounds of demurrer: (1) Want of equity on the face of the bill; (2) complainant had a full, adequate and complete remedy at law; (3) complainant was seeking to establish a lien on property when the instrument sued on did not entitle him to a lien; (4) the suit was brought by the assignee of a non-assignable instrument. From a decree overruling the demurrer this appeal was prosecuted.

*Jeff. Truly* and *J. A. Ramsey*, for the appellant.

Appellee claims to be the assignee of the notes sued on. We submit that appellee does not come within the purview of the statute. Code 1892, § 660; *Lowenberg* v. *Jones*, 56 Miss., 88. That a sufficient assignment in writing must appear is also borne out in Adams' Equity, sec. 54, and in Story Eq. Juris., sec. 1040 *et seq.*

It is a well settled principle of law that a note or bill of exchange drawn against a particular fund is not a negotiable instrument, since it is not a charge against the credit of the maker (4 Am. & Eng. Enc. L. (2d ed.), 84*bb*), but against the particular estate against which it is drawn, and that only; and a note so drawn and payable is not negotiable. 4 Am. & Eng. Enc. L. (2d ed.), 87, and the cases there cited. The present case is distinguished from the case of *Hart* v. *Taylor*, 70 Miss., 665, in this, that there the note was payable on the happening of an event, namely, the establishment of Millsaps College at the city of Jackson. Here the note is drawn payable out of a particular fund, if there be any such fund.

The purpose of appellee's bill seems to have been to have the court below fix a lien on appellant's share of the proceeds

of the sale for partition (the owner of the remaining interest in the Rodney mill having filed his bill for partition of the proceeds of the sale of the property prior to the filing of appellee's bill) for the payment of these conditional notes. It is submitted in full confidence that the appellee had no lien of any kind, and, in the event of a judgment in his favor on these notes, the oil mill, which ordinarily would be subject to execution under judgment, could not under any circumstances be subject to a judgment on these notes, by reason of the specified funds out of which they are to be paid, namely, the net earnings of the mill. A court would far exceed its authority were it to hold that the share of appellant in the proceeds of sale under decree for partition would be subject to the payment of these notes. In the event of judgment on these notes stipulating the specific fund out of which they are to be paid, if there be any such fund, the oil mill would not be subject to it, and certainly the proceeds of the property would be free from a lien that could not be fixed upon the property itself.

*Martin & Anderson*, for appellees.

The bill sets up every fact necessary to entitle complainant to relief and asks for a discovery. *Morton* v. *Grenada Academy*, 8 Smed. & M., 773.

If the relief asked was not specifically called for in this instance, the error was cured by the general prayer. As to the assignability of the writings sued on, see anti-commercial statute, code 1892, sec. 3503; also, the case of *Oldham* v. *Ledbetter*, 1 How. (Miss.), 43.

WOODS, C. J., delivered the opinion of the court..

The averments of the bill show clearly that the case is of equity cognizance. The notes are not non-negotiable. While not properly speaking promissory notes, because payment was conditioned upon a future contingency, which contingency had occurred before the beginning of this suit, as averred in the

bill and admitted by the demurrer, they are nevertheless writings for the payment of money and are negotiable under § 3503, code of 1892. This section declares that "all promissory notes and other writings for the payment of money or other thing may be assigned by indorsement, whether the same be payable to order or assignee or not, and the assignee or indorsee may maintain such action thereon, in his own name, as the assignor or indorser could have maintained," etc.

This statute received judicial interpretation in *Shields* v. *Taylor*, 25 Miss., 13. In that case suit was brought by the assignee upon a writing for the conditional payment of money, and the court held that the writing, though a conditional contract for the payment of money, was within the statute, and that the quality of negotiability had been imparted to it thereby, and that an action in the name of the assignee was maintainable.

At common law, however, the assignee of a non-negotiable note might maintain a suit in equity in his own name against the maker. Story on Promissory Notes, sec. 128, and 2 Randolph on Commercial Paper, sec. 656.

*Affirmed.*